UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| W.D. HENTON, ) | CASE NO. 1:16 CV 1555 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| ASHTABULA COUNTY JAIL, ) | AND ORDER |
| ) | |
| Defendant. ) | |

Plaintiff *pro se* W.D. Henton, an inmate at the Belmont Correctional Institution, brings this 42 U.S.C. § 1983 civil rights action against Defendant Ashtabula County Jail. Plaintiff alleges in the Complaint that he slipped, fell and was injured at the jail because of leaky pipes. He further asserts in summary fashion terms that he did not receive appropriate medical treatment for his injuries. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

District courts are expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007). A

pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

As a threshold matter, jails are not *sui juris*, and therefore cannot sue or be sued. *See Nieves v. City of Cleveland*, 153 Fed. Appx. 349, 2005 WL 2033328 (6th Cir. Aug.24, 2005); *Jones v. Ptl. D. Marcum*, No. C–3–00–335, 2002 WL 786572 (S.D.Ohio Mar.11, 2002). A jail is merely a sub-unit of the municipality it serves. Further, to establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). "Deliberate indifference" by prison officials to an inmate's serious medical needs constitutes "unnecessary and wanton infliction of pain" in violation of the Eight Amendment's prohibition against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

The Constitution does not guarantee that an inmate will enjoy good health during confinement, nor does it require prison officials to cure inmates of all their diseases and injuries. It requires only that officials not consciously disregard a substantial risk of harm by demonstrating deliberate indifference to the inmate's serious medical needs. The Complaint does not set forth allegations reasonably suggesting disregard of a serious risk to Plaintiff by denying him medical care and treatment.

Finally, it is well established that negligence cannot form the basis for a section 1983 action. *Daniels v. Williams*, 474 U.S. 327 (1986). Even construing the complaint liberally, the

facts set forth appear, at most, to assert negligence by Defendant's employees. *Dillon v. Wilson*, No. 85-5566, 1987 U.S. App. LEXIS 8173, (6th Cir. June 29, 1987)(affirming *sua sponte* dismissal on ground that complaint at most claimed negligence.)

Accordingly, this action is dismissed under section 1915A. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: July 12, 2016